```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
                                                         FILED
          UNITED STATES DISTRICT COURT
                  FOR THE                           2016 JUL 12 AM 9:32
           DISTRICT OF VERMONT
                                                         CLERK
                                                    BY_____
                                                       DEPUTY CLERK
```

JANE O'NEILL                                    )
    **Plaintiff**                              )
                                                )
    v.                                         )
                                                )   2:16-cv-196
                                                )
RUTLAND COUNTY STATE'S                          )
ATTORNEYS OFFICE, and THE                       )
DEPARTMENT OF STATE'S ATTORNEYS                 )
AND SHERIFF'S                                   )
    **Defendants**                             )

## COMPLAINT

NOW COMES, the Plaintiff, by and through her attorneys, Miller Faignant & Fabian, P.C., and complain against the Defendants Rutland County State's Attorneys Office and The Department of State's Attorneys and Sheriffs as follows:

### I. Jurisdiction

1. The Court has federal question jurisdiction under 28 U.S.C. §1331. Supplemental jurisdiction over State law questions as provided is 28 U.S.C. §1367.

### II. Introduction and Background

2. This is an employment discrimination case brought under the Equal Pay Act provisions of the Fair Labor Standards Act 29 U.S.C. §201(d)(1), and an employment discrimination case brought under Vermont's Fair Employment Practices Act, 21 V.S.A. §495(a)(7) and §495(a)(8), and under the common law of the State of Vermont for conspiracy, constructive discharge, quantum meruit, and unjust enrichment.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

### III. The Parties

3. The Plaintiff Jane C. O'Neill is a resident of the Rutland County, Vermont and was employed by the Rutland County State's Attorneys office from November 2009 until August 2014, as a Deputy State's Attorney.

4. The Rutland County State's Attorneys office is a Vermont municipality established by Chapter 2, Section 50 of the Vermont Constitution.

5. Deputy State's Attorneys serve at the pleasure of the State's Attorneys. 24 V.S.A. §363.

6. The Department of State's Attorneys and Sheriffs (herein after The Department) was established under 24 V.S.A. §367(a) and consists of fourteen State's Attorneys and fourteen county Sheriffs. The statute requires the State's Attorneys to elect an Executive Committee composed of five of the State's Attorneys. That committee, along with the Executive Committee of the Vermont Sheriffs Association, appoints an Executive Director who serves at the pleasure of the committee. 24 V.S.A. §367(a) through (b).

7. The Department is self governing consortium of county State's Attorneys and Sheriffs subject to some mandatory duties and also voluntary duties.

8. The Department voluntarily operates as the personnel office of participating State's Attorneys particularly in the establishment of a pay plan for all State's Attorneys offices. This pay plan is separate and distinct from the pay plan and classifications of attorneys working for departments of the State of Vermont.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

9. Although 24 V.S.A. §363 permits State's Attorneys to fix the pay of their Deputy State's Attorneys, many of the State's Attorneys defer to the Executive Director of the Department to oversee administration, budget, information technology, and many human resource services for the State's Attorneys offices.

10. If an individual State's Attorney seeks to diverge from the plan in an individual case, approval is required of the Executive Director of the Department, with a right of appeal to the Executive Committee.

11. The Executive Director of the Department of State's Attorneys and Sheriffs drafts a budget that includes wages and benefits for the Deputy State's Attorneys.

12. The Department of State's Attorneys and Sheriffs and the Rutland County State's Attorneys office are required to comply with the provisions of 29 U.S.C. §201(d)(1) and 21 V.S.A. §495.

### V. Factual Allegations

13. At all times relevant to this Complaint, Ms. O'Neill was employed by the Rutland County State's Attorneys office as an Deputy State's Attorney.

14. When Ms. O'Neill was hired, the Defendants, acting through then Executive Director James P. Mongeon, set her salary at the entry level, with the representation the wages were not negotiable.

15. Ms. O'Neill made repeated inquiries of the Rutland County State's Attorney Marc Brierre as to her level of compensation during her employment with the Rutland County State's Attorneys office.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

Page 3 of 12

16. Rutland County State's Attorney Marc Brierre refused to address Ms. O'Neill's inquiries as to compensation.

17. Ms. O'Neill was on-call every night for one week per month from 4:30 p.m. until 8:30 a.m. and did not receive any pay even when required to work during those hours.

18. During her time at the Rutland County State's Attorneys office, Ms. O'Neill would work 50 to 60 hours per week on a regular basis.

19. During her employment, Ms. O'Neill requested and was denied compensation time for the excess hours she was working, despite a male Deputy State's Attorney being allowed compensation time.

20. The Defendants, and each of them, were well aware that the Deputy State's Attorneys were working hours far exceeding 40 hours a week.

21. Despite this knowledge, the Defendants did not authorize pay unless Ms. O'Neill signed an affidavit that she did not work more than 40 hours per week.

22. The Defendants failed to keep an accurate record of the hours Ms. O'Neill was actually working.

23. In 2011, the Defendants hired and set the pay for John Doe, a male, who performed equal work that required skill, effort and responsibility, and was performed under substantially similar working conditions as Plaintiff. Defendants set John Doe's compensation approximately 26% greater than Plaintiff's.

24. After John Doe, a male, was hired in 2011 as a Deputy State's Attorney, Rutland County State's Attorney Marc Brierre refused to answer a direct question by Ms. O'Neill about whether John Doe, a male, was being paid the same as her.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

25. Rutland County State's Attorney Marc Brierre then embarked on a course of retaliatory conduct to demean and marginalize Ms. O'Neill's job duties including assigning much lesser tasks, which should have gone to the new less experienced person, to Ms. O'Neill, despite Ms. O'Neill's overwhelming existing caseload. He also failed to include Ms. O'Neill on important office function meetings and procedures, and lashed out at Ms. O'Neill whenever she pressed her inquiry about salary.

26. The Defendants continued to deny Ms. O'Neill equal pay.

27. In 2013, the Defendants hired and set the pay for Jane Doe, a female, as Deputy State's Attorney at 25% less than John Doe despite they both performed equal work that required skill, effort and responsibility, and was performed under substantially similar working conditions.

28. Rutland County State's Attorney Marc Brierre refused to discuss Ms. O'Neill's compensation and referred her to the Defendant Department of State's Attorneys and Sheriffs. When Ms. O'Neill inquired of Bram Kranichfeld, the then Executive Director of the Department of States Attorneys and Sheriffs, he would be non-committal in his response and directed Ms. O'Neill to speak to State's Attorney Marc Brierre.

29. Prior to learning of John Doe's, a male's, compensation, Ms. O'Neill confronted Rutland County State's Attorney Marc Brierre and Bram Kranichfeld, in June 2014, who again failed to address their discrimination against Ms. O'Neill.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

Page 5 of 12

30. In July 2014, Ms. O'Neill became aware that John Doe, hired in 2011 and who held the same position and title that she did, earned approximately $14,000 more each year since the time of his hire, than Ms. O'Neill was earning. Ms. O'Neill and John Doe performed equal work that required equal skill, effort and responsibility, and was performed under substantially similar working conditions.

31. The Defendants knew at the time they hired Plaintiff, and throughout her employment, that the wage difference being paid to Ms. O'Neill under the circumstances as they existed, were in violation of Ms. O'Neill's statutory and constitutional rights, the very laws the Defendants are charged with enforcing.

32. Although the Defendants, and each of them, had actual knowledge of Ms. O'Neill being discriminated on the basis of sex, and being paid less than her male coworkers for equal work that required equal skill, effort and responsibility and was performed under substantially similar working conditions, each of them failed to put an end to the discrimination against Ms. O'Neill.

33. As the salary disparity continued over the years it perpetuated a sex based wage differential between Ms. O'Neill and John Doe, a male, who performed equal work that required skill, effort and responsibility, and was performed under substantially similar working conditions.

34. On at least two occasions, Rutland County State's Attorney Marc Brierre lost his temper over Ms. O'Neill's pressing him as to her pay status, to the point where Ms. O'Neill believed State's Attorney Marc Brierre would fire her if she pressed further.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

35. By the end of July 2014, Ms. O'Neill's working conditions had become so intolerable, she felt she had no other choice but to resign.

## VI. Causes of Action

### Count I. Violation of Plaintiff's Statutory Rights to Equal Pay for Equal Work

36. Plaintiff incorporates herein by reference paragraphs 1 through 35 as if fully set forth herein.

37. The Defendants, and each of them, knowingly and willfully violated the Equal Pay Act provisions of the Fair Labor Standards Act, 29 U.S.C. §206(d)(1), by paying Ms. O'Neill's male successor a higher salary than Ms. O'Neill, despite the fact that they both performed equal work that required equal skill, effort and responsibility and was performed under substantially similar working conditions, for which Ms. O'Neill seeks all appropriate relief, plus attorney's fees, and litigation costs under 29 U.S.C. §216(b).

38. The conduct of the Defendants, and each of them, were in knowing and willful violation of 21 V.S.A. §495(a)(7) and (8).

39. The Defendants, and each of them, purposely and intentionally paid less money to Ms. O'Neill than they did to John Doe, a male, based solely on the fact that Ms. O'Neill was woman, who performed equal work that required skill, effort and responsibility, and was performed under substantially similar working conditions as John Doe, a male.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

40. The Defendants, and each of them, through Executive Director Bram Kranichfeld and Rutland County State's Attorney Marc Brierre, had actual knowledge of the violation of the legal rights of Ms. O'Neill and continued to violate these rights for the entire time Ms. O'Neill was employed by the Rutland County State's Attorneys office.

41. The Defendants, and each of them, owed Ms. O'Neill an affirmative obligation to take measures to make sure discrimination of the type they subjected her to did not occur.

42. As the salary disparity continued over the years it perpetuated the sex based wage differential between Ms. O'Neill and John Doe, a male.

43. As a result of the Defendants, and each of them, wrongful conduct, Ms. O'Neill suffered financial losses and personal damages.

**Count II.  Conspiracy to Violate Plaintiff's Statutory Rights to Equal Pay for Equal Work**

44. Plaintiff incorporates herein by reference paragraphs 1 through 43 as if fully set forth herein.

45. The Defendants, and each of them, knowingly and willfully engaged in a conspiracy to violate, and did in fact violate 29 U.S.C. §206(d)(1) and 21 V.S.A. §495(a)(7) and (8) by purposely and intentionally paying less money to Ms. O'Neill than they did to John Doe, a male, based solely on the fact that Ms. O'Neill was a woman.  The Defendants perpetuated this discrimination on Ms. O'Neill, despite the fact that she and John Doe, a male, performed equal work that

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

Page 8 of 12

required skill, effort and responsibility, and was performed under substantially similarly working conditions.

### Count III. Retaliation

46. Plaintiff incorporates herein by reference paragraphs 1 through 45 as if fully set forth herein.

47. The Defendant, in violation of 21 V.S.A. 495(a)(8), retaliated against Ms. O'Neill for complaining about her pay by refusing to end the discrimination to which they were subjecting Ms. O'Neill.

48. Rutland County State's Attorney Marc Brierre retaliated against Ms. O'Neill by seeking to embarrass and diminish her standing her in the office and with law enforcement personnel and to marginalize and minimize Ms. O'Neill's effectiveness in office, solely as a result of Ms. O'Neill's attempt to obtain information about her pay.

### Count IV. Constructive Discharge

49. Plaintiff incorporates herein by reference paragraphs 1 through 48 as if fully set forth herein.

50. The conduct of the Defendants, and each of them, including the continued violation of Ms. O'Neill's statutory rights to equal pay, retaliated against Ms. O'Neill for inquiring about her pay status by failing to correct the discrimination that each of the Defendants were subjecting Ms. O'Neill to, combined with the conduct of the Rutland County State's Attorneys office created a hostile work environment for Ms. O'Neill's employment and constituted constructive termination of Ms. O'Neill's employment.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

### Count V.  Quantum Meruit

51. Plaintiff incorporates herein by reference paragraphs 1 through 50 as if fully set forth herein.

52. The Defendants requested and received many hours of work from the Plaintiff in excess of the 40 hours she was paid for. These hours of work have a reasonable value.

53. Ms. O'Neill seeks just compensation for the reasonable value of the time she worked in excess of 40 hours under the doctrine of quasi contract.

### Count VI.  Unjust Enrichment

54. Plaintiff incorporates herein by reference paragraphs 1 through 53 as if fully set forth here.

55. The Defendants required and received services from Plaintiff they did not pay for and were therefore unjustly enriched as a result of Plaintiff's work.

56. Ms. O'Neill seeks fair compensation for the value of her unpaid work time which unjustly enriched the Defendants.

WHEREFORE, Plaintiff Jane C. O'Neill respectively requests the Court to enter judgment in her favor against the Defendants, and to provide the remedies set forth in 29 U.S.C. §206 et seq. and 21 V.S.A. §495 et seq., and her other remedies as may be available including:

1. Allow Plaintiff Jane C. O'Neill all back wages necessary to bring her earnings equal with Mr. Doe's, a male's, earnings, as well as additional compensation representing losses she continues to suffer to her retirement savings, her Social Security savings, and any other employee related benefits, as a result of the

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

aforesaid unlawful wage disparity, to bring her to the level of contributions that Defendants provided to Mr. Doe, a male, from the date of Ms. O'Neill's hire forward.;

2. Allow Plaintiff Jane C. O'Neill full retirement vesting denied her by the constructive termination of her employment;

3. Pursuant to 21 V.S.A. §495b, award Plaintiff Jane C. O'Neill appropriate liquidated damages;

4. Allow Plaintiff Jane C. O'Neill compensatory and punitive damages;

5. Allow Plaintiff Jane C. O'Neill her reasonable attorney's fees and costs;

6. Allow reasonable compensation for the many hours of overtime Ms. O'Neill worked, and from which the Defendants were unjustly enriched;

7. Allow interest on the back wages owed;

8. Allow Plaintiff Jane C. O'Neill compensation for the wrongful termination of her employment and the personal damages that resulted from the wrongful termination; and

9. Allow Plaintiff Jane C. O'Neill such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff respectfully requests a trial by jury on all matters raised in this Complaint.

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702

DATED at the Town of Rutland, State of Vermont this 12th day of July, 2016.

                            MILLER FAIGNANT & FABIAN, P.C.

By: _/s/ John Paul Faignant_
     John Paul Faignant, Esq.
     Marie Peck Fabian, Esq.
     Counsel for Plaintiff Jane C. O'Neill
     1213 U.S. Route 7 North
     Rutland, VT 05701
     Jpfvtlaw@comcast.net
     (802) 775-2521

MILLER FAIGNANT
& FABIAN P.C.
ATTORNEYS AT LAW
P. O. BOX 6688
1213 U.S. ROUTE 7 NORTH
RUTLAND, VERMONT 05702